10 -3898
(WJM)

PETITION OR DECLARATION-FOR DECLARATORY AND INJUNCTIVE RELIEF- FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND REHABILIATION ACT AND TITLE OF THE CIVIL RIGHTS ACT.

Jay L Thomas
Plaintiff

V

Defendant
Ramapo College of New Jersey, County of Bergen

U.S. District Court District
Court District of New Jersey

DECLARATORY JUDGMENT

An actual and substantial controversy exists between plaintiff and defendants. Specifically, Plaintiff contends and defendants dispute that defendants knowingly acted and continue to act to deny the plaintiff his rights under federal law by, among other acts by excluding plaintiff as a student. Plaintiff is without a plain speed and adequate remedy at law since money damages are extremely difficult to calculate and will not fully compensate plaintiff for denial of his statutory rights.

Plaintiff has exhausted all administrative remedies available to him. Further attempts to obtain administrative relief would be futile. WHEREFORE, plaintiff requests this court to:

Enter declatory judgment that each defendant has violated federal law and denied plaintiff to pursue his occupation as a student.

enter a permanent injunction prohibiting each defendant from denying plaintiff transportation.

Award plaintiff compensatory damages according to proof;

Award plaintiff costs of suit incurred in this action; and

award plaintiff such other and further relief as this court may deem just and proper.

Date August 3, 2010

Plaintiff Jay Thomas, alleges:
1Plaintiff is an individual residing at 49 Finnigan in the Township of Saddle Brook County of Bergen.

2 Defendant Ramapo College is a body corporate of the State of New Jersey organized under the laws of the State of New Jersey in the Township of Mahwah, State of New Jersey. The Defendant County of Bergen County of is a political subdivision of the State of New Jersey.

3 On November 9, 2006 the County of Bergen violated 42 USC 12143 49 CFR 37.121 and 42 USC 2000d 49CFR 37 21.5 by failing to schedule and provide para-transit service to an ADA para-transit eligible persons at any requested time on a particular day in response to a request for services made the previous day 49 CFR 37.121(b) On August 28 2006, March 12, 2010 and on May 24, 2010 Defendant Ramapo College violated and Title II of the ADA12131-12132 42 USC 12142, 42 USC 12148, 29 USC 794, 49 C.F.R. Part 27 and 42 USC 2000d by failing to operate a designated public transportation program or activity conducted in [existing] facilities that is readily accessible and usable by individuals with disabilities. Defendant College violated 49 CFR 37.23 Service Under Contract the Public which states when a public entity enters into a contractual or other relationship with a private entity to operate fixed- route service or demand responsive the public entity shall ensure that the private entity that the public entity, meets that requirements of this part that would apply to the public entity if the public entity provided the service itself. Ramapo College has violated CFR 49 CFR 37.23 by not ensuring that the private entity meets those requirements.

Defendant Ramapo College of New Jersey has violated Title II of 12131-12132 and 42 USC 12101 and CFR 49 37.207(C) by denying plaintiff with a disability readily usable and accessible transportation by requiring passenger with a disability to coincide his trip, or travel time other than the travel time that passenger has requested.

4 Plaintiff has no immediate remedy at law alleges a real and immediate threat of future injury of denial of transportation by requiring Plaintiff to coincide his trip or travel time other than time requested in violation of CFR 49 37 207(C). Ex 25

WHEREFORE, plaintiff requests that this court:

1. Issue a temporary restraining order and preliminary injunction pursuant to rule 65, Federal Rules of Civil Procedure, ordering defendant its officers, agents employees successors, attorneys and all those in active concert or participation with them to refrain immediately and comply with Americans with Disabilities Act and by making programs services and activities including it public transportation service readily accessible and readily usable by plaintiff Jay Thomas. Pending the final hearing and determination of this action from denying plaintiff with a disability accessible transportation.

2 Issue a permanent injunction perpetually enjoining and restraining defendant it officers agents employees successors attorneys and all those in active concert or participation from denying plaintiff with a disability accessible transportation.

3Unless restrained and enjoined by this court, defendants will continue to deny plaintiff from accessible transportation based on his race and disability

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1.That this court assume jurisdiction;

2. That this Court declare defendant to be in violation of the ADA and the Rehabilitation Act

3.That this Court issue preliminary and permanent Injunction enjoining defendants, and all of those acting in concert with them, to comply with the Americans with Disabilities Act and the Rehabilitation Act and Title VI of the Civil Rights Right by making its public transportation system, readily accessible and usable by plaintiff Jay Thomas.

That this court award such other and additional relief as the court deem just and proper and equitable.

Respectfully submitted this third day of August 3, 2010.

VERFICATION

1 I, Jay Thomas in above entitled action being first duly sworn, state that I have read and subscribed to the forgoing complaint, and that the facts set forth therein are true and complete.