**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY L. THOMAS, | Civil Action No. 10-3898 |
| **Plaintiff,** | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| RAMAPO COLLEGE OF NEW JERSEY, A Body Corporate of the State of New Jersey, DR. PAMELA BISCHOFF, the former Vice President of Student Affairs in her individual capacity, DR. PATRICK CHANG, Associate Vice President of Student Affairs in his individual and official capacity, IVY PAYNE, in her individual and official capacity, ELIZABETH JOYCE, in her individual and official capacity, BARBARA WEXLER, in her individual and official capacity, ELIZABETH JOCHIAM, in her individual and official capacity, ROMONA KOPAZ, in her individual and official capacity, THE COUNTY OF BERGEN SPECIAL TRANSPORTATION, a political subdivision of the State of New Jersey, VALERIE DARGAN, in her individual and official capacity, and TOM MURPHY, in his individual and official capacity, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff's motion for relief from judgment

and to reopen the Complaint pursuant to Federal Rule Civil Procedure 60(b), and on

Defendants County of Bergen Community Special Transportation, Valerie Dargan,[1] and

Tom Murphy's ("Bergen Defendants") motion to dismiss Plaintiff's Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6).  There was no oral argument.  Fed. R. Civ. P.

78.  For the reasons stated below, Plaintiff's motion to reopen his complaint is **DENIED**,

and the Bergen Defendants' motion to dismiss is therefore **MOOT**.


I.      **FACTUAL AND PROCEDURAL BACKGROUND**

        This case arises out of Plaintiff's difficulty finding transportation to his Ramapo

College classes.  Plaintiff is a current student at Ramapo College.  He first began

attending Ramapo College in 1994.  (Compl. ¶ 6.)  In 1995, he was diagnosed with

schizophrenia, and he is undergoing treatment.  (Compl. ¶ 8.)  Plaintiff had withdrawn

from Ramapo College in 1994 due to his schizophrenia, but he later re-enrolled and

returned to classes on or about January, 2004.  (Compl. ¶¶ 7, 9.)  Up until March of 2006,

Plaintiff would travel to and from Ramapo College by driving himself in his car.  (Compl.

¶ 12, 16.)  At that point, however, his car malfunctioned and he needed an alternative

form of transportation.  (Compl. ¶ 16.)  Therefore, he contacted Ramapo College and

County of Bergen officials to request special transportation services in order to get to and

from class.  (Compl. ¶¶ 17, 32.)  Ramapo College's officials explained to Plaintiff that

_____

        [1] Improperly pled as Valirie Dargon Williams.

2

while accessible vehicles are provided for disabled students for class trips, Ramapo College does not provide transportation to and from campus for any student, whether disabled or not. (Compl., Ex. 25.) The Ramapo College officials suggested that Plaintiff: (1) contact Bergen County Community Transportation for para-transit transportation, (2) use Ramapo College's shuttle service to the train station in order to use the train, or (3) utilize Shortline buses which stop on Ramapo College's campus. (Compl., Exs. 22, 25.) Plaintiff claims, however, that Shortline is "inaccessible with its schedule," and that he was "refused accessible transportation by the County of Bergen Special Transportation."[2] (Compl. ¶¶ 20, 33.)

Due to his difficulties getting to and from campus, Plaintiff filed a complaint against Defendants on August 17, 2010, alleging that their failure to provide his transportation violated various statutes as well as his constitutional rights. On December 13, 2010, the Court granted Plaintiff's December 7, 2010 motion to dismiss his complaint, characterizing Plaintiff's motion as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a). (*See* Docket Entry No. 20.) Subsequently, Plaintiff filed the instant motion, pursuant to Rule 60(b), for "relief from judgment or order to reopen complaint." (Docket Entry No. 22.) The Bergen Defendants opposed Plaintiff's motion and filed a motion to dismiss the complaint should the motion to reopen

---

[2] The Court notes, however, that the Bergen Defendants submitted transportation records showing that Plaintiff *did* utilize their transportation services on numerous occasions. (*See* Sattely Cert., Jan. 19, 2011, Ex. C.)

be granted.  All of the other Defendants (the "State Defendants") filed their own

opposition to Plaintiff's motion.

## II.    DISCUSSION

Plaintiff's complaint asserts the following causes of action: (1) various violations

of New Jersey Law Against Discrimination ("NJLAD"), due to discrimination and

differential treatment based on race and disability; (2) violations of the Americans with

Disabilities Act ("ADA") for failure to provide transportation; (3) Section 1983 claims

for violation of the Fourteenth Amendment; (4) violation of the Rehabilitation Act; (5)

violation of Title VI of the Civil Rights Act; and (6) a Section 1985 claim of civil

conspiracy.  Plaintiff further claims that though he already requested dismissal of his

complaint pursuant to Rule 41(a), he should be allowed, pursuant to Rule 60(b), to reopen

his case at this time.

### A.    Rule 60(b) Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment in a limited set of

circumstances, including mistake, excusable neglect, newly discovered evidence, fraud or

other reason justifying relief.  Fed. R. Civ. P. 60(b).  Here, Plaintiff seeks relief pursuant

to subsection (6) of Rule 60(b), a catchall provision which provides that "[o]n motion and

just terms, the court may relieve a party or his legal representative from a final judgment,

order, or proceeding for...any other reason justifying relief from operation of the

4

judgment."  However, the Third Circuit "has consistently held that the Rule 60(b)(6)

ground for relief from judgment provides for extraordinary relief and may only be

invoked upon a showing of exceptional circumstances."  *Coltec Indus., Inc. v. Hobgood*,

280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188

(3d Cir. 1988)).

       **B.**     **Plaintiff's Motion to Reopen**

       Plaintiff's motion pursuant to Rule 60(b)(6) requests that the Court undo its

December 13, 2010 Order granting (what was construed by this Court as) his Notice of

Voluntary Dismissal pursuant to Rule 41(a).  Essentially, Plaintiff seeks to erase his

December 7, 2010 request that the case be dismissed without prejudice.  However, the

State Defendants argue that Rule 41 provides its own set of procedural rules regarding

how a party may proceed if the party wishes to reopen the case.  Rule 41 provides that

after a plaintiff's voluntary dismissal, the plaintiff may file the complaint one more time,

but that if it should be dismissed voluntarily again, it will be with prejudice.  Fed. R. Civ.

P. 41(a)(1)(B).  Furthermore, if the plaintiff does file the same claims against the same

defendants after a Rule 41 voluntary dismissal, Rule 41 provides that the plaintiff may be

held liable for the costs incurred during "that previous action."  Fed. R. Civ. P. 41(d).

Clearly, Rule 41 has a set of procedures in place whereby a plaintiff may proceed with

caution in refiling the complaint, as a way to discourage plaintiffs from repeatedly filing

and voluntarily dismissing complaints in federal court.  As such, allowing the use of Rule

60(b) to undo a Rule 41 voluntary dismissal would amount to allowing plaintiffs to

circumvent procedures already set in place by the Federal Rules.

Furthermore, other courts have addressed when parties may properly use Rule

60(b) to undo a notice of voluntary dismissal under Rule 41.  Essentially, where the notice

of dismissal is a "deliberate, strategic choice" and not the result of mistake or excusable

neglect, it should not be undone via Rule 60(b).  *See Eskridge v. Cook County*, 577 F.3d

806, 810 (7th Cir. 2009) (finding that where choice to dismiss the federal lawsuit and

proceed in state court was deliberate, the incorrect assessment of the consequences did

not compel relief under Rule 60(b)).  Courts "have not looked favorably on the entreaties

of parties trying to escape the consequences of their own 'counseled and knowledgeable'

decisions."  *Coltec*, 280 F.3d at 274 (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d

195 (3d Cir. 1988)).  Certainly, the Court is mindful that pleadings by *pro se* litigants,

such as Plaintiff, are held to less stringent standards than those drafted by lawyers.  *See*

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  However, that does

not change the fact that Plaintiff made a deliberate choice to request dismissal of his

complaint, and that he has not alleged that there was any mistake or neglect on his part.

Instead, he has essentially just changed his mind regarding his decision not to go forward

with his claims in federal court.  Under these circumstances, he cannot utilize Rule 60(b)

to undo his earlier decision, but must instead follow the procedural rules laid out in Rule

41 by refiling his complaint as a new case if he so chooses.  However, as discussed

below, this Court cautions Plaintiff to consider carefully whether or not to refile his

complaint before doing so.

### C.    Bergen Defendants' Motion to Dismiss

Also before this Court is the Bergen Defendants' motion to dismiss Plaintiff's

complaint pursuant to Rule 12(b)(6).  Rule 12(b)(6) provides for the dismissal of a

complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can

be granted.  Since this Court has denied Plaintiff's motion to reopen the complaint,

however, the Bergen Defendants' motion to dismiss is now moot.  Though the Court

therefore will not decide the motion, it is worth noting that it raises many legitimate

issues with Plaintiff's complaint.  Furthermore, the Court notes that though Plaintiff paid

the filing fee for this complaint, he has since filed multiple other, unrelated complaints

with this Court *in forma pauperis*, some of which have been dismissed by this Court *sua

sponte* pursuant to its powers under 28 U.S.C. § 1915(e)(2)(B).  Hence, Plaintiff should

be aware that if he decides to refile this complaint and request to proceed *in forma

pauperis*, the Court will be required to *sua sponte* dismiss any claim that fails to state a

claim on which relief may be granted**.**  28 U.S.C. § 1915(e)(2)(B)(ii).  Even if Plaintiff

chooses to pay the filing fee in order to refile this complaint, Defendants are likely to

move to dismiss again based on the arguments already raised.  As such, the Court urges

Plaintiff to take the refiling of this complaint seriously, as at this juncture it appears likely

7

that if refiled, this complaint would ultimately be dismissed (either *sua sponte* or otherwise).  While the Court makes no such determinations at this time since the issue is currently moot, the Court simply intends to counsel Plaintiff to consider the merits of his complaint before deciding whether or not to refile it.

## III.    CONCLUSION

For the reasons stated above, Plaintiff's motion to reopen his complaint pursuant to Rule 60(b) is **DENIED**, and the case remains dismissed without prejudice pursuant to the Court's December 13, 2010 Order.  The Bergen Defendants' motion to dismiss is therefore considered **MOOT**.  An Order accompanies this Opinion.

 /s/ William J. Martini
**William J. Martini, U.S.D.J.**

**Date: July 27, 2011**